

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. PD-0284-25

**BOBBY CARL LENNOX, Appellant**

**v.**

**THE STATE OF TEXAS**

## ON STATE'S PETITION FOR DISCRETIONARY REVIEW FROM THE SIXTH COURT OF APPEALS LAMAR COUNTY

SCHENCK, P.J., filed a dissenting statement.

## DISSENTING STATEMENT

This case raised the threshold issue of whether Subsection (e-1) constituted a defensive issue or jurisdictional element. The majority answers with the latter and points to *State v. Green*, 682 S.W.3d 253 (Tex. Crim. App. 2024), though that

result comes with lingering questions for the trial courts.[1] Though I find the majority's treatment of *Green* unassailable, I respectfully dissent from the judgment and agree with Judge Yeary in dissenting from its disposition, though I find a result based on error preservation undesirable as well. I write separately to explain the judgment I would prefer at this point.

When determining whether the trial court had the duty to submit certain instructions to the jury affecting charge error and preservation, we have often operated in a binary universe; our jurisprudence has classified statutory provisions containing factual issues as either as jurisdictional elements or defensive issues. *See Green*, 682 S.W.3d at 275; *Taylor v. State*, 332 S.W.3d 483, 486–89 (Tex. Crim. App. 2011). Without questioning the integrity of that universe, I do note two consequences of that analytical framework.

First and foremost, the trial court is not obliged to interpret our cases extempore at the risk of egregious error. The effect of the majority's disposition is just that.[2] To be sure, trial courts are expected to interpret elusive areas of the law; here, for example, by relying only on the guidance of an unclear statute and

---

[1] I agree with Judge Yeary's dissenting opinion, specifically in that the Court raises but does not acknowledge hard questions. Dissenting Op. at 7 (Yeary, J.).

[2] I again agree with Judge Yeary that such an obligation places an "undue burden on the courts." Dissenting Op. at 7 (Yeary, J.).

opinions interpreting that statute, which the trial judge may well have not foreseen in the heat of trial. Second, the legislature is free to disagree with those classifications and enact laws that go beyond that binary and leave us with some issue or issues that do not fall cleanly into either category, which effectively confounds our embrace of general relativity with what seems to us like quantum mechanics.

In *Green*, we hammered Section 32.21 into a format that operated in our known, binary universe, and did a fine job of it. *See Green*, 682 S.W.3d at 275. But, it did take us fully forty-five pages[3] of wrestling with the text and our past precedents to explain to the court of appeals how it (and the trial court) misperceived the "structure of Section 32.21 and due process requirements"—as they operated against our background law governing elements, defenses, and who has the respective burden to invoke their respective place during trial. *Id.* at 279. We accordingly "commend[ed] the [lower court's] effort to untangle the highly complex issue . . . ." *Id.* at 257.

---

[3] *Green*, 682 S.W.3d at 253–79 (Tex. Crim. App. 2024), *available at* https://search.txcourts.gov/SearchMedia.aspx?MediaVersionID=7f777d06-c4cf-4792-9c2b-c440a3d5cfe2&coa=coscca&DT=OPINION&MediaID=c397df7c-019b-4d77-9b05-cf98d23be7e5.

With all of that said, I see it as profoundly unfair to the State, the defendant, and the trial court to suppose that our disposition was so obvious or predictable to the point where this case should be resolved by the operation of default. I agree with Judge Yeary because I believe that problems warranting appeal and reversal are generally worthy of objection. The majority, embracing the consequence of our decision in *Green* to treat the value ladder as an element, understandably trips this case into automatic error. I find either disposition undesirable and unnecessary.

Under Texas Rules of Appellate Procedure 78.1(f), this Court may "vacate the lower court's judgment and remand the case for further proceedings in light of changes in the law." TEX. R. APP. P. 78.1. That authority exists for a reason. I would use it here and direct a new trial so that all parties (and the trial court) have an opportunity to have this case resolved on the merits and with the benefit of the law as clarified in *Green*. Therefore, I dissent.

Filed: January 29, 2026

Publish